UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:20-CV-_____

MADELINE CLODFELTER,

    Plaintiff,

v.

MIAMI DADE COUNTY,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, MADELINE CLODFELTER, brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), to recover from Defendant, MIAMI DADE COUNTY, for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1337, and 29 U.S.C. § 2617(a)(2).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) (1) and (2) because the Defendant resides in this judicial district and a substantial part of the events and omissions giving rise to the claims alleged herein arose in this district.

## PARTIES

4. At all times relevant hereto, Plaintiff MADELINE CLODFELTER ("Plaintiff") was an employee of Defendant MIAMI DADE COUNTY ("Defendant").

5. Defendant is a political subdivision of the State of Florida and, hence, is an employer subject to the requirements of the FMLA pursuant to 29 U.S.C. § 2611(4)(A)(iii) and 29 U.S.C. § 203(x).

6. From July 21, 1986 until the present, Plaintiff worked for Defendant in various capacities, most recently working at Defendant's Miami-Dade Fire Rescue Department.

7. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by her employer for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

8. In 2018, prior to taking FMLA Leave, Plaintiff was employed by Defendant as a Fire & Rescue Division Manager. Prior to this time, during her 33 years of service, Plaintiff had received periodic performance evaluations that were usually "outstanding", although a few were "above satisfactory". Plaintiff had not previously received a performance evaluation indicating that her performance "needs improvement."

9. Shortly before April 1, 2018, Plaintiff requested, and was approved for, intermittent leave pursuant to the FMLA from Monday, April 9, 2018 through Friday, June 29, 2018.

10. Plaintiff completed her leave and made herself available for full-time work at her former position on the following workday after completion of her FMLA leave, Monday, July 2, 2018.

11. On July 2, 2018, Plaintiff was informed that she was being demoted to the position of Special Project Administrator 1 in the Department of Transportation and Public Works.

12. Defendant failed to permit Plaintiff to reassume her existing position or an equivalent position.

## **COUNT I – FMLA RETALIATION**

13. Plaintiff realleges Paragraphs 1 through 12 above.

14. Plaintiff requested to take leave, and exercised her right to take leave, from work as permitted under the FMLA.

15. Defendant retaliated against Plaintiff because Plaintiff requested and took advantage of her FMLA leave by, specifically, demoting Plaintiff, reducing her salary, and refusing to restore Plaintiff to her prior or equivalent position upon her return from leave.

16. At all times relevant hereto, Defendant acted with the intent to discriminate against Plaintiff, because Plaintiff exercised her right to take leave pursuant to the FMLA.

17. As a result of Defendant's intentional, willful, and unlawful acts by discriminating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

18. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for all damages recoverable under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT II
## FLMA INTERFERENCE

19. Plaintiff realleges Paragraphs 1 through 12 above.

20. At all material times, Plaintiff was entitled to leave under the FMLA.

21. Upon return from FMLA leave, Defendant refused to permit Plaintiff to reassume her existing position or an equivalent position.

22. As a result of its refusal to return Plaintiff to her former or equivalent position, Defendant intentionally, willfully, and unlawfully interfered in Plaintiff's exercise of her rights under the FMLA.

23. As a direct and proximate result of the Defendant's unlawful treatment, Plaintiff suffered damages.

24. Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs, and expenses related to this litigation under the FMLA.

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for all damages recoverable under the FMLA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all claims stated herein for which Florida law provides a right to trial by jury.

Dated:  June 11, 2020.

                Respectfully submitted,

                s/ Mark J. Beutler
                Mark J. Beutler, Esq.
                Florida Bar No. 0023400
                Law Offices of Mark J. Beutler, P.A.
                Dadeland Towers, Suite 600
                9400 South Dadeland Boulevard
                Miami, FL  33156
                Tel: 305-487-0942 | Fax: 786-513-4651
                E-mail:  mjb@mjbpa.com
                        jmm@mjbpa.com

                *Attorney for Plaintiff*